# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 23-326V**

KRISTIN MAECKEL,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: September 14, 2026

*Jonathan Joseph Svitak, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.*

*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 7, 2023, Kristin Maeckel filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccine she received on November 14, 2020. Petition at 1. On July 28, 2026, I issued a ruling on entitlement and decision awarding damages, following briefing and Motions Day argument by the parties. ECF No. 39.

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $42,131.40 (representing $40,153.40 in fees plus $1,978.00 in costs). Motion for Payment of Petitioner's Attorneys' Fees and Reimbursement of Case Costs ("Motion") filed August 12, 2026, ECF No. 44. Furthermore, counsel for Petitioner represents that no personal out-of-pocket expenses were incurred. ECF No. 44 at 3.

Respondent reacted to the motion on August 14, 2026, representing that he is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent includes a footnote regarding the hourly rate of an expert. However, Petitioner is not requesting reimbursement for any expert fees in her motion. Respondent's Response to Motion at ECF No. 45. Petitioner filed no reply thereafter.

The rates requested for attorney work performed through 2026 are reasonable and consistent with our prior determinations and will therefore be awarded herein. However, after reviewing the billing records, I find that Mr. Svitak's entries pertaining to time expended on travel to Washington, DC, require further evaluation.

On May 28, 2026, Mr. Svitak travelled from Woodbridge, IL, to Washington, DC, to attend a Motions Day hearing in-person. According to the invoices submitted in support of such expense, it appears that counsel spent approximately 5.0 hours traveling including flight and ground transportation to the final location. *See* travel invoices at ECF No. 44-4 at 11-22. The billing records reflect that Mr. Svitak billed a total of 5.0 hours at his regular hourly rate of $495.00, for a total amount of $2,475.00. ECF No. 44-2 at 2, billing entry dated May 28, 2026.

This is not compliant with the Vaccine Program's requirements for reimbursement of eligible travel expenses. Special masters traditionally compensate time spent traveling at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs*., No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs*., No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). Alternatively, Program attorneys may reduce the overall number of hours billed on travel by fifty percent.

Because Mr. Svitak did not reduce his travel time nor his hourly rate by half of what was actually expended herein, I hereby reduce it. **Application of the foregoing reduces**

**the amount of attorney fees to be awarded by $1,237.50.**[3]

Additionally, petitioner requests $1,978.00 in overall costs. ECF No. 44-4 at 1-22. Such costs reflect the expenses of obtaining medical records, the Court's filing fee, and travel to a Motions Day hearing. I find the requested costs to be reasonable and are therefore awarded herein.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$40,893.90 (representing $38,915.90 in fees plus $1,978.00 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] This amount is calculated as: $2,475.00 x .50 = $1,237.50.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.